FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ FEB 21 2020 ★
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
THURMAN JEROME BROWN,

              Plaintiff,

    -against-

PEOPLE OF THE STATE OF NEW YORK, THE
COUNTY OF NASSAU, THE NASSAU COUNTY
UNIFIED COURT SYSTEM, THE NASSAU COUNTY
POLICE DEPARTMENT, THE NASSAU COUNTY
SHERIFF'S DEPARTMENT,

              Defendants.
------------------------------------------------------------------X

**ORDER**
20-CV-00020 (GRB)(AKT)

**GARY R. BROWN, United States District Judge:**

On January 7, 2020, *pro se* plaintiff Thurman Jerome Brown ("plaintiff") filed another complaint in this Court together with an *in forma pauperis* application. (*See* Docket Entry Nos. 1-2.) On January 15, 2020, plaintiff filed an application for the appointment of *pro bono* counsel to represent him in this case. (*See* Docket Entry No. 6.) In support of that application, plaintiff filed the required "Request to Proceed *In Forma Pauperis* In Support of the Application for the Court to Request Counsel." (*Id.*) For the reasons that follow, plaintiff's application to proceed *in forma pauperis* is denied without prejudice and with leave to renew upon filing the enclosed "Application to Proceed in District Court without Prepaying Fees or Costs (Long Form)" (AO 239). Alternatively, plaintiff may pay the $400.00 filing fee. Plaintiff's application for the appointment of *pro bono* counsel is held in abeyance pending resolution of the filing fee issue.

To qualify for *in forma* pauperis status, the Supreme Court has long held that "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs [inherent in litigation] and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. Du Pont De Nemours & Co.*, 335 U.S. 331, 339, 69 S. Ct. 85,

93 L. Ed. 43 (1948) (internal quotation marks omitted). Plaintiff's application does not include sufficient information for the Court to make such finding, particularly because the information submitted plaintiff on January 7, 2020 is different from, and inconsistent with, the information he provided on January 15, 2020.

Although plaintiff indicates on both applications that he is presently unemployed, he avers he has been unemployed since October 25, 2019 on the first form (D.E. 2 ¶2) and September 25, 2019 on the second form. (D.E. 6 at 2 ¶¶1-2.) Plaintiff reports having received net monthly pay in the amount of $4,428.16 on the second form (D.E. 6 at 2 ¶2) yet reports having received no wages during the same time period. (D.E. 2, ¶ 2.) On the earlier form, plaintiff checked the box to indicate that he has received income during the past 12 month from "business, profession, or other self-employment" but then added that "I started a business, Thurman Brown Consultant, on September 5, 2018, to date I have earned no income nor do I have any employees." (D.E. 2, ¶ 3.) Plaintiff did not respond at all to the other subparts to question three. (D.E. 2, ¶ 3.) On January 7, 2020, plaintiff averred that he has $811.87 in cash or in a checking or saving account (D.E. 2, ¶ 4) and, on January 15, 2020, he reports that sum as "$163.03 checking." (D.E. 6 at ¶ 4.) Plaintiff reports monthly rent in the sum of $1,440.00 on the earlier form (D.E. 2, ¶ 5), he reports monthly rent in the amount of $1,443.00 on the second form. (D.E. 6, ¶ 6.) In addition, on the earlier form, plaintiff lists that his wife and son are dependent on him for support (although he did not include the amount he contributes for their support as required by the form) (D.E. 2, ¶ 7), and plaintiff wrote "none" on the second form in response to that question. (D.E. 6, ¶ 7.) Thus, plaintiff's application raises more questions than it answers.

The Court finds that plaintiff can best set forth his current financial position on the Application to Proceed in District Court without Prepaying Fees or Costs (Long Form)" (AO

239). Accordingly, plaintiff's application to proceed *in forma pauperis* is denied without prejudice and with leave to renew upon filing the enclosed "Application to Proceed in District Court without Prepaying Fees or Costs (Long Form)" (AO 239). Alternatively, plaintiff may pay the $400.00 filing fee.[1] Plaintiff shall either file the Long Form or remit the filing fee within two (2) weeks of the date of this Order or this action will be dismissed without prejudice.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962). The Clerk of the Court is directed to mail a copy of this Order to the *pro se* plaintiff.

**SO ORDERED.**

/s Gary R. Brown
_____
Gary R. Brown
United States District Judge

Dated: February 21, 2020
Central Islip, New York

---

[1] Plaintiff is cautioned that, once paid, there are no refunds of the filing fee regardless of the outcome of plaintiff's claims. The Court suggests that plaintiff consider the pleading requirements of Federal Rules of Civil Procedure 8 as well as whether there are any other impediments to the adjudication of his claims, such as the statute of limitations.