FILED
CLERK

2:46 pm, Aug 28, 2020

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
THURMAN JEROME BROWN,

                     Plaintiff,

        -against-

THE PEOPLE OF THE STATE OF NEW YORK, *et al.*,

                    Defendants.
------------------------------------------------------------------X

**ORDER**
20-CV-0020 (GRB)(AKT)

**GARY R. BROWN, United States District Judge:**

The Court's records reflect that the complaint in this action was filed on January 7, 2020.

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Accordingly, service should have been made upon the defendants by April 6, 2020.   To date, plaintiff has not filed a return of service reflecting that any of the defendants have been served. Rather than dismiss the complaint without prejudice in accordance with Rule 4(m), given plaintiff's *pro se* status, the Court will afford him an opportunity to demonstrate good cause why service has not been effected.   *See Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) ("[A] *pro se* litigant generally lacks both legal training and experience and, accordingly, is likely to forfeit important rights through inadvertence if he is not afforded some degree of protection."); *see also Obot v. Citibank S.D., N.A.*, 347 F. App'x 658, 659-60 (2d Cir. 2009) (summary order) (district court will extend the time for service if the plaintiff is able to show good cause for the failure.).

       "In determining whether a plaintiff has demonstrated good cause, courts consider such

factors as whether plaintiff exhibited reasonable diligence in seeking to effect service, whether there is any prejudice to defendants as a result of the delay, and whether plaintiff could timely reassert his claims in the event of dismissal." *Albanese v E.D.S*, 278 F.R.D. 323, 324 (W.D.N.Y. 2012).   Indeed, "[g]ood cause to excuse a failure to effect service exists only in exceptional circumstances where the plaintiff's failure to serve process in a timely manner was the result of circumstances beyond its control." *Kogan v. Facebook, Inc.*, 334 F.R.D. 393, 401 (S.D.N.Y. 2020) (citing *Ping Chen ex rel. U.S. v. EMSL Analytical, Inc.*, 966 F. Supp.2d 282, 306 (S.D.N.Y. 2013) (internal quotation marks and additional citation omitted).   "A party seeking a good cause extension bears a heavy burden of proof, which is not satisfied by a showing that the plaintiff encountered some unanticipated difficulty." *Kogan*, 334 F.R.D. at 401-02 (internal citation and quotation marks omitted).   The Second Circuit has interpreted Rule 4(m) "to give courts both the discretion to grant extensions of the period of service even where no good cause has been shown and, in the absence of good cause, to deny such extensions—that is, a court 'may grant an extension . . . but is not required to do so.'" *Harper v. City of New York*, 424 F. App'x 36, 39 (2d Cir. 2011) (summary order) (quoting *Zapata v. City of New York*, 502 F.3d 192, 197 (2d Cir. 2007) ("[t]he district court's determinations on whether good cause is present (and, if so, how long an extension would be appropriate) are exercises of discretion.")).

**In an abundance of caution, the Court permits plaintiff to make an application to extend the time for service and demonstrate good cause for his failure to timely serve the defendants.   Any such application shall be made in writing within thirty (30) days from the date of this Order.   Plaintiff is cautioned that his failure to timely comply with this Order will lead to the dismissal of his complaint without prejudice pursuant to Federal Rule of Civil Procedure 4(m) and judgment shall enter without further notice**.

Although plaintiff paid the filing fee to commence this action, the Court certifies

pursuant to 28 U.S.C. § 1915(a)(3) that, should plaintiff seek leave to appeal *in forma pauperis*, any appeal from this Order would be an improper interlocutory appeal not taken in good faith. Therefore *in forma pauperis* status is denied for the purpose of any appeal.   *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).   The Clerk of the Court is respectfully directed to mail a copy of this Order to the *pro se* plaintiff.

**SO ORDERED**.

Dated:        August 28, 2020                              _____
              Central Islip, New York                     GARY R. BROWN
                                                           United States District Judge